STATE OF NEW JERSEY, RESPONDENT, v. ELI NEWMARK, PROSECUTOR.

Argued October 9, 1930—Decided November 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the prosecutor, *Jayne & McCloskey.*

For the state, *Robert H. McCarter,* special assistant attorney-general.

PER CURIAM.

On July 25th, 1930, Mr. Justice Bodine, presiding in the Oyer and Terminer Court of Ocean county, in open court discharged the April term grand jury. Thereafter the grand jury was called back by the court, and on August 9th, 1930, in open court such justice revoked the previous order of discharge and reinstated the grand jury "for the balance of the April, 1930, term, and ordered them to discharge the duties of the same to the full extent of their power."

During such April term the grand jury found and returned thirteen indictments against Newmark, and we have here rules to show cause (all of the same title) why *certiorari* should not issue to bring up such indictments for the evident purpose of moving to quash.

Three of these indictments were presented on June 14th, 1930; three of them on June 21st, 1930; one on August 19th, 1930; one on August 30th, 1930, and the remainder on September 8th, 1930.

As to the indictments found subsequent to July 25th, 1930 (Nos. 256, 257, 258, 259, 260, 261 and 262), the illegality alleged is that they were found after the grand jury was discharged.

We express no opinion upon the point made by the state that, because of the fact that the defendant is a fugitive from justice, he should not be heard to make the application, but we proceed to consider the alleged illegality of the indictments found after the discharge of the grand jury and their reinstatement by Justice Bodine.

We think it quite clear that the indictments are not illegal as contended.

The cases are unanimous in holding that the court has the essential and inherent power to recall a grand jury during the term, and if an order has been entered in the minutes discharging that body, to set aside such order at any time during the term, when, as here, the order of discharge was made by reason of mistake or misinformation and before the grand jury had finished its labors and while it was still engaged in the discharge thereof.

The numerous cases are collected and analyzed in the notes to cases in 17 *Ann. Cas.*, *p.* 656, and *Ann. Cas.* 1916, *p.* 207. Such we infer from the matters laid before us. was the situation here. Section 10 of *Pamph. L.* 1913, *p.* 832, does not deprive the court of such power in the circumstances of the present case.

The remainder of the indictments (Nos. 250, 251, 252, 253, 254 and 255) were found and returned prior to July 25th, 1930, the date of the discharge of the grand jury. We think that they are legal in form and substance and are not subject to the criticisms directed against them.

The indictment in No. 250 charged that defendant did have a slot machine on premises of George H. Alsheimer on May 21st, 1929, and thereafter continuously for a number of days, to wit, one week, &c.

The indictment is based upon the supplement to the Crimes act of 1898, and is chapter 140 of the laws of 1907, incorporated as section 65a of the Crimes act as found in *Comp. Stat., p.* 1766. It reads:

"Any person or corporation who shall have or keep in his or its place of business, or other premises, any slot machine or device in the nature of a slot machine, which may be used for the purpose of playing for money or other valuable thing, shall be guilty of a misdemeanor."

This is a purely statutory offense, and the indictment charges the offense in the language of the statute.

It is claimed, however, that the act does not apply to a situation where the defendant is alleged to have the slot machine on the premises of a third person. We think it does. To suppose that the individual in whose hotel or store the slot machine is placed is the only person intended by this law to be reached, and that the owner who brings the machine thereto, and shares in its receipts should escape, is not permissible.

The indictment in No. 251 charges that on or about May 9th, 1930, the defendant did solicit one Mae White to commit the crime of keeping a disorderly house, &c.

The criticism is that this indictment does not allege that the act of soliciting was committed in the county of Ocean, and within the jurisdiction of the court. We think that it does in unmistakable language.

The indictment in No. 252 charges violations of section 57 of the Crimes act.

The allegation of the first count is that the defendant "on the 3d of June, 1929, and on each and every day thereafter down to the 15th day of March, 1930, * * * unlawfully did give, sell and dispose of certain tickets in a lottery made up in this state," &c.

The second count charges that on and between the same dates, the defendant "did receive money from a large number of persons to the grand inquest unknown, in consideration of which he unlawfully promised and agreed to pay them a certain sum of money upon the event of their drawing certain

numbers in a certain lottery then set up and open in this state," &c.

The third count charges the defendant with having "on the 3d of June, 1929, and on each and every day thereafter, down to the 15th day of March, 1930," received money from a large number of persons to the grand inquest unknown, in consideration of which he unlawfully promised and agreed to pay them a certain sum of money if any ticket in any lottery shall prove fortunate, &c.

The criticism is that each sale was a separate offense and should properly be the subject-matter of a separate count. But if this be so it is no ground for quashing the indictment, for under the doctrine of *State* v. *Lamb*, 81 *N. J. L.* 234, an amendment may be made striking out all allegations that follow the specific date mentioned.

The indictment in No. 253 is like that in No. 250 and what we there said applies to this.

The indictment in No. 254 charges that the defendant "did give, sell and dispose of lottery tickets" on "the 3d of June, 1929, and on each and every day thereafter, down to the 15th of March, 1930," &c.

The criticism of this is the same as to the indictment in No. 252, and the answer made to that also applies here.

The indictment in No. 255 charges defendant with having on his own premises slot machines on June 3d, 1929, and on each and every day thereafter, down to March 15th, 1930, &c.

The criticism directed against this indictment we have already herein above considered and found to be without merit.

The writs of *certiorari* applied for will be denied and the several rules to show cause will be discharged.